Francisco LOPEZ–VASQUEZ, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 24041.

United States Court of Appeals
Ninth Circuit.

Jan. 19, 1970.

Frederick L. Hetter, II (argued), of
Chapman & Hetter, San Diego, Cal., for
appellant.

Joseph A. Milchen (argued), Asst. U.
S. Atty., Edwin L. Miller, U. S. Atty.,
San Diego, Cal., for appellee.

Before MERRILL and TRASK, Circuit Judges, and BYRNE, District
Judge.*

PER CURIAM:

In his brief appellant states: "The
facts in this matter are extremely simple.
The arrest was a routine 'border bust',
involving a semi-literate Mexican national, 112 pounds of marijuana and an old
Chevrolet altered to be a marijuana ferry. The arrest occurred during a routine
check at Calexico on August 9, 1968.

"The trial itself, except for the issues
of appeal, was a routine federal marijuana trial. The defendant was arrested
at the border station at Calexico, while
driving the old Chevrolet containing the
contraband. The sole issue was intent:
Was he a knowing or an unknowing
'mule'?"

The trial court found that appellant
was a "knowing mule" and found him
guilty on both counts of a two count indictment charging violations of Title 21
U.S.C. Sec. 176a. We affirm.

■ The appellant complains that he
was deprived of the right to confrontation because he was unable to hear one
witness who testified for the appellee.
At trial the appellant was furnished with
a Spanish speaking interpreter who sat
at the counsel table with him. During
the trial the government called a Spanish
speaking witness in rebuttal and the
judge suggested that the interpreter
move to the side of the witness, which

---

* Honorable William M. Byrne, United
States District Judge for the Central
District of California, sitting by designation.

would enable the accused to hear the Spanish testimony and his counsel to hear the English interpretation. There was no objection to the testimony on the grounds that the appellant could not hear the witness, nor was there any complaint that the witness was not speaking loudly enough to be heard. Even when the interpreter returned to her seat beside the appellant there was no suggestion that the accused had experienced difficulty in hearing, nor did counsel refer to it in summing up the evidence at the conclusion of the trial.

If a party cannot hear a witness, and complacently sits without disclosing the problem to the trial court during the course of the trial, obviously there can be no error. If it were otherwise, every appellant would have a facile ground for reversal of every trial court judgment.